UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THUNDER YOUNG, ) | |
| ) | Case No. 1:22-cv-77 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Susan K. Lee |
| SULLIVAN COUNTY and JEFF ) | |
| CASSIDY, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate of the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an assault during his confinement (Doc. 1) and two motions for leave to proceed *in forma pauperis* (Docs. 4, 5). For the reasons set forth below, Plaintiff's first motion for leave to proceed *in forma pauperis* (Doc. 4) will be **GRANTED**, his second motion for leave to proceed *in forma pauperis* (Doc. 5) will be **DENIED AS MOOT**, and he will have thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth below.

**I.      FILING FEE**

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 4) that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion (*Id.*) will be **GRANTED**, and his second motion for leave to proceed *in forma pauperis* (Doc. 5) will be **DENIED as moot**.

As he is a Sullivan County Detention Center inmate, Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to

submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six months before the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard of Review

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to

2

Case 1:22-cv-00077-TRM-SKL   Document 6   Filed 04/12/22   Page 2 of 7   PageID #: 33

survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Complaint Allegations

On February 25, 2022, Plaintiff was "doing fine" in his cell until Guards Mede and Shannon put Inmate Danil Mcgarie ("Inmate Danil") in the cell with him. (Doc. 1, at 3–4.) Inmate Danil began trying to fight Plaintiff, so Plaintiff "got away by kicking the door," but Officer Mede then "left [Plaintiff] in there for 20 min[utes]" before putting Plaintiff in a different room for over an hour. (*Id.* at 4.) Plaintiff asked to speak to a corporal, but that request was refused. (*Id.*) Then, after officers fed Plaintiff, an unnamed officer told Plaintiff that he would be going to the main jail. (*Id.*) Plaintiff told the officer that he had "asked to be moved to the tank and [] to speak to [a] co[rporal]," but an unnamed officer "stated no [he] [was not] going to," so Plaintiff then sat down and stated he wanted to speak to Terrance Burress, at which point "they assaulted [Plaintiff] slamming [his] head in the floor and bending [his] arm." (*Id.*) Plaintiff was then put in a car, where Officer Shannon threatened to "[b]low [his] brain[]s out." (*Id.*) Plaintiff "told Burress this and asked him why [he] was being punished because he wanted [his] food [he] order[ed]," and Mr. Burress told Plaintiff that he would talk to Plaintiff in the morning and that he was not being punished. (*Id.*)

Plaintiff has sued Sheriff Cassidy and Sullivan County and seeks $400,000 for assault and pain and suffering, as well as to be housed in another jail. (*Id.*) Plaintiff also requests "just[ice] and compens[a]tion for pain and suffering and being assaulted because they put the wrong person in [his] cell," and again asks the Court to remove him from the jail "ASAP." (*Id.* at 5.)[1]

**C. Analysis**

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. As Plaintiff has not set forth any facts from which the Court can plausibly infer that any named Defendant deprived him of a federal right, it fails to state a claim upon which relief may be granted under § 1983, as filed.

First, while Plaintiff has named Sheriff Jeff Cassidy as a Defendant, this Defendant cannot be liable for actions of others based solely on his position as Sheriff, and Plaintiff has not set forth any factual allegations from which the Court can plausibly infer that this Defendant was personally involved in any violation of Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556

---

[1] Plaintiff also states in his complaint that he filled out a grievance about the incident underlying his complaint, but jail officials "have not yet said anything to [him] [about the grievance]," and indicates that he filed both his jail grievance and his § 1983 complaint on the same day the incident underlying his complaint occurred, which the remainder of the complaint supports. (*Id.* at 2–3, 5.) Thus, it appears unlikely that Plaintiff completed the jail's grievance process prior to filing this action by utilizing every step of that grievance procedure in a manner that allowed jail officials to review and, if necessary, correct the issues set forth in the grievance "'on the merits,'" and this may be grounds for dismissal of the complaint. *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 95 (2006)); *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (providing that "[t]here is no uniform federal exhaustion standard [and] [a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution"). Nevertheless, as any failure by Plaintiff to exhaust his administrative remedies for this claim is an affirmative defense to the claim, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and the record does not contain information about the Sullivan County Detention Center's grievance procedures, the Court declines to dismiss the claim on this ground at screening.

U.S. 662, 676 (2002) (noting that "our precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983). Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 as to this Defendant.

Also, while Plaintiff has also named Sullivan County as a Defendant, he does not allege or set forth facts suggesting that a custom or policy of this Defendant caused any violation of his constitutional rights, such that this municipality may be liable for his claim(s) under § 1983. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable under § 1983 for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs").

Moreover, while Plaintiff repeatedly asks to be moved from the Sullivan County Jail in his complaint, he does not have a constitutional right to be housed in a certain jail facility and has not set forth any exceptional or unusual circumstances justifying the Court awarding him such relief. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986) (citing *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976)); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277, 285–87 (6th Cir. 1988) (setting forth public policy concerns regarding court interference with jail administration and instructing that courts should not "attempt to administer any portion of a state correctional

system program except in the most compelling situations"). Thus, it does not appear from the face of the complaint that this relief is available to Plaintiff under § 1983.

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983, as filed. Nevertheless, the Court will allow Plaintiff thirty (30) days from the date of entry of this order to file an amended complaint for the limited purpose of setting forth a short and plain statement of facts about the alleged assault on him, including what occurred before and during that assault, the injuries Plaintiff suffered as a result of that assault, and the individual(s) responsible.[2] *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "[u]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA").

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's first motion for leave to proceed *in forma pauperis* (Doc. 4) is **GRANTED**;

2. Plaintiff's second motion for leave to proceed *in forma pauperis* (Doc. 5) is **DENIED AS MOOT**;

3. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

6. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

---

[2] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to his original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

7. Plaintiff has thirty (30) days from the date of entry of this order to file an amended complaint in the manner set forth above;

8. Plaintiff is **NOTIFIED** that any amended complaint he files will completely replace the previous complaint;

9. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and failure to follow the orders of this Court; and

10. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**